IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PABLO A. DAMIANI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-1637-RGA |
| | : | |
| DELAWARE STATE POLICE TROOP 2, et al., | : | |
| | : | |
| Defendants. | : | |

Pablo A. Damiani, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 17, 2013
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Pablo A. Damiani, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed in *forma pauperis* (D.I. 7). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

The Complaint contains three claims: excessive force, deliberate indifference to medical needs, and unlawful search and seizure. I recite the facts in the light most favorable to the Plaintiff.

On December 6, 2010, Plaintiff's vehicle was stopped by members of a joint ATF task force composed of several plain-clothes officers. Plaintiff followed orders and placed his hands on the driver's side window when one of the officers busted the passenger's side front window with a tire iron while Plaintiff was being cuffed. Plaintiff was "violently ripped from the vehicle, thrown to the pavement and beaten and kicked" by the unknown officers. Next, Plaintiff was handcuffed behind his back, pulled to the side of the road and assaulted a second time until a marked police vehicle arrived and transported him to Delaware State Police Troop 2.

Plaintiff asked for medical treatment for his injuries. Approximately one and one-half hours later he was taken to the Newark Emergency Center where he was admitted at approximately 11:27 a.m. Plaintiff told nurse John Doe and Dr. John Doe that he had been badly beaten by the police and believed that he had suffered "some sort of brain injury." Plaintiff alleges that the Newark Emergency Center Defendants did not afford him the same medical treatment as provided to other individuals.

By 9:20 p.m. that evening, Plaintiff has been placed in detention by the Delaware State Police. His vehicle had been seized, and it was taken to the evidence garage at Delaware State Police Troop 2. Detective Daniel Grassi and other unknown State Police officers searched Plaintiff's vehicle without a warrant and obtained evidence to justify an arrest. The search was conducted without a warrant and before the issuance of a warrant by a Justice of the Peace Court judicial officer. The illegal search and seizure resulted in his criminal conviction and that the conviction is based solely on the illegal search and seizure.

Plaintiff seeks compensatory and punitive damages.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his Complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable

3

inference that the defendant is liable for the misconduct alleged. See *Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Plaintiff proceeds *pro se*. His pleadings are therefore liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has named as defendants New Castle County Police and Wilmington Police Departments. A plaintiff seeking to recover from a municipality under § 1983 must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). This rule also applies to police departments. *See Couden v. Duffy*, 446 F.3d 483, 499-500 (3d Cir. 2006).

Plaintiff has alleged no facts to support a claim that policies or customs of the municipal defendants New Castle County Police Department and the Wilmington Police

Department caused the injuries of which he complains. Therefore, the claims against the New Castle County Police Department and the Wilmington Police Department will be dismissed for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii) & § 1915A(b)(1).

Plaintiff also names the Delaware State Police as a defendant. "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See *Rodriguez v. Stevenson*, 243 F. Supp. 2d 58, 63 (D. Del. 2002). In addition, the Eleventh Amendment limits federal judicial power to entertain lawsuits against a State, and in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. See *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). Further, a state agency, such as the Delaware State Police, "is not a person" subject to claims under 42 U.S.C. § 1983. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Delaware State Police will be dismissed as a defendant as it is immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii) & § 1915A(b)(2).

Plaintiff complains that he did not receive adequate treatment at the hands of the employees at the Newark Emergency Center, Inc. The Newark Emergency Center is a not-for-profit emergency medical facility. See http://www.newarkemergencycenter. org/about.php. Because the Newark Emergency Center, Inc. and its employees Nurse John Doe and Doctor John Doe are not state actors, there is no remedy available to

5

Plaintiff under § 1983. Therefore, the claims against Newark Emergency Center, Inc., Nurse John Doe, and Doctor John Doe will be dismissed as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i) & § 1915A(b)(1).

Plaintiff names Detectives Duffy, Potts, Boulden, and Morrissey as Defendants. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). Here, there are no allegations in the Complaint directed towards Detectives Duffy, Potts, Boulden, and Morrissey. Therefore, the Curt will dismiss the claims against Detectives Duffy, Potts, Boulden, and Morrissey as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i) & § 1915A(b)(1).

Plaintiff alleges that Detective Grassi and unknown Delaware State Police officers searched his vehicle without a warrant and obtained evidence to justify an arrest, that the search and seizure resulted in a criminal conviction, and that his conviction is based solely on the illegal search and seizure. To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson,* 435 F. App'x 56 (3d Cir. 2011). Furthermore, Plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first be successful in bringing his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explains that, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The cause of action accrues at the time the imprisonment is invalidated. *Gibson v. Superintendent of N.J. Dep't of Law and Public Safety Div.,* 411 F.3d 427, 435 (3d Cir. 2005); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) (cause of action accrues when plaintiff is able to "file suit and obtain relief.").

Here, Plaintiff has not alleged that his conviction or sentence was reversed or invalidated. Hence, his claim has not yet accrued. Moreover, his claims against Detective Grassi and unknown Delaware State Police officers present the type of claims addressed in *Heck*; that is, a finding that Plaintiff's conviction was procured by unconstitutional means would necessarily imply the invalidity of his conviction. Plaintiff alleges that, but for Detective Grassi and the unknown Delaware State Police officers'

7

actions, he would not have been found guilty. Therefore, the Court will dismiss all claims against Detective Grassi and the unknown Delaware State Police officers as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i) & § 1915A(b)(1).

Plaintiff has alleged what appears to be a cognizable excessive force claim. Excessive force claims arising out of an arrest are analyzed under the Fourth Amendment. See *Graham v. Connor*, 490 U.S. 386 (1989). However, as alleged, it is difficult, it not impossible, to discern which police agencies were involved in the incident in December 2010. Plaintiff refers to various police agencies who participated in his arrest and that he was assaulted by unknown defendants but does not identify the agencies of the unknown defendants who allegedly assaulted him.[1] Since it appears plausible that Plaintiff may be able to identify the police agencies involved in his arrest or articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. See *O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

An appropriate order will be entered.

---

[1] Plaintiff's direct appeal of his criminal convictions is reported. See *Damiani-Melendez v. State*, 55 A.3d 357, 358 (Del. 2012).

8