# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PABLO A. DAMIANI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 12-1637-RGA |
| | : |
| DELAWARE STATE POLICE | : |
| TROOP 2, et al., | : |
| | : |
| Defendants. | : |

Pablo A. Damiani, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

July   /2013
Wilmington, Delaware

*Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Pablo A. Damiani, an inmate at the James T. Vaughn Correctional
Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears
*pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 7). The Court
dismissed the original Complaint and gave Plaintiff leave to amend his excessive force
claims. Deliberate indifference to medical needs and unlawful search and seizure
clams were dismissed with prejudice. The Court proceeds to review and screen the
Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

The Amended Complaint names twenty-one defendants. The allegations
contained therein are similar to those in the original complaint. On December 6, 2010,
Plaintiff's vehicle was stopped by members of a joint ATF task force composed of
several plainclothes officers. Plaintiff followed orders and placed his hands on the
driver's side window when one of the officers busted the passenger's side front window
with a tire iron while Plaintiff was being cuffed. Plaintiff was "violently ripped from the
vehicle, thrown to the pavement and beaten and kicked" by the unknown officers. Next,
Plaintiff was handcuffed behind his back, pulled to the side of the road and assaulted a
second time until a marked police vehicle arrived and transported him to Delaware
State Police Troop 2.

This Court must dismiss, at the earliest practicable time, certain *in forma
pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek
monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.
§ 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner
seeks redress from a governmental defendant). The Court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his Complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are

2

separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has once again named municipal defendants. A plaintiff seeking to recover from a municipality under § 1983 must (1) identify an allegedly unconstitutional policy or custom,

3

(2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404 (1997). This rule also applies to police departments. *See Couden v. Duffy*, 446 F.3d 483, 499-500 (3d Cir. 2006) (citing *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000)). Plaintiff has alleged no facts to support a claim that policies or customs of the municipal defendants caused the injuries of which he complains. Therefore, the claims against the municipal defendants will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

The Amended Complaint only mentions one defendant by name - Detective Casey Bouldin. Other defendants are mentioned in exhibits to the Amended Complaint. The Amended Complaint alleges that Bouldin handcuffed Plaintiff and held onto the cuffs until Plaintiff was removed from the vehicle. Plaintiff alleges that he was violently removed from the vehicle through the driver's side door and thrown face down onto the pavement. (D.I. 15 at 6) Once Plaintiff was removed from the vehicle, the troopers took custody of Plaintiff. (*Id.* at 51)[1] Detective Gary Potts reported that Plaintiff was forced to the ground, physically held, and restrained. (*Id.* at 24)[2] Potts, along with others, used his body weight to restrain Plaintiff. (*Id.*)[3] Medical records dated

---

[1] The citation is to the electronically-filed copy, in which the relevant portion appears to be redacted. The hard copy version can, however, can be read through the black-lining.

[2] *See* footnote one.

[3] *See* footnote one.

4

December 6, 2010, indicate that Plaintiff was "in a fight" and sustained multiple facial abrasions and a contusion to the left knee with tenderness and swelling. (D.I. 16 at 1) Liberally construing the Amended Complaint, as the Court must, and taking into consideration the Amended Complaint's exhibits, the Court finds that Plaintiff has adequately alleged excessive force claims against two Defendants: Detective Bouldin and Detective Potts.

With regard to the remaining defendants, the Amended Complaint and exhibits do not contain allegations that rise to the level of constitutional violations. Many of the individual defendants are not mentioned in the Amended Complaint, or its exhibits, other than to list their names. See *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing . . . ."). It appears that some defendants are named based upon their supervisory positions. However, it is well-established that a § 1983 claim cannot be premised upon a theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Finally, the Court dismissed with prejudice unlawful search and seizure claims, yet it appears that Plaintiff attempts to reinstate the claims as certain defendants named in the Amended Complaint and its exhibits had no involvement other than in this dismissed claim. For these reasons, the Court will dismiss as frivolous the claims against the remaining individual defendants pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and § 1915A(b)(1).

An appropriate order will be entered.