IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PABLO A. DAMIANI, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 12-1637-RGA |
| DETECTIVE DUFFY, et al., | : | |
| Defendants. | : | |

Pablo A. Damiani, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Michael F. McTaggart, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Detective Duffy, Gary Potts, Daniel Grassi, Corporal Lano, Eric Daniels, John Dudzinski, Mark Hawk, Ronald Kline, Corey Godek, Detective Tsai, Detective Rhoades, Detective Glenn, Rob Krisilla, James Kelly, Scott Galbreath, and Parton.

Charles M. Oberly III, United States Attorney, and Jennifer Lynne Hall, Assistant United States Attorney, Wilmington, Delaware. Counsel for Defendants Casey Bouldin, Detective Morrissey, Ronald Kline, and the United States of America.

Rosamaria Tassone-DiNardo, Esquire, City of Wilmington Law Department, Wilmington, Delaware. Counsel for Defendant Detective Morrissey.

**MEMORANDUM OPINION**

February 16, 2017
Wilmington, Delaware

*[signature: Richard G. Andrews]*
**ANDREWS, U.S. District Judge:**

Plaintiff Pablo A. Damiani, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). The case proceeds on the fourth amended complaint (D.I. 214), which raises excessive force claims against Defendants. Before the Court are Plaintiff's Request for Counsel (D.I. 229), Plaintiff's Motion to Strike his own deposition (D.I. 237), and Defendant Casey Bouldin's Motion for Sanction of Dismissal (D.I. 232). Briefing on the motions is complete.

## REQUEST FOR COUNSEL

Plaintiff seeks counsel on the grounds that he is indigent with no legal training, is confined in administrative segregation, has limited law library access, Defendants are represented by attorneys, he has no ability to investigate his case, considerable discovery is necessary, there are conflicting statements of the parties, and the allegations, if proved, clearly establish a constitutional violation. (D.I. 229).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Plaintiff has previously requested, and been denied, counsel on numerous occasions. (*See* D.I. 20, 58, 65, 82, 115, 127, 177). Once again reviewing Plaintiff's requests, the Court concludes that the case is not so factually or legally complex that appointing an attorney is warranted. To date, the filings in this case demonstrate Plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the Court will deny, without prejudice to renew, Plaintiff's request for counsel. (D.I. 229). The Court will revisit the issue should it become necessary to do so.

## MOTION FOR SANCTION OF DISMISSAL

Defendant Casey Bouldin moves for dismissal of this case as a sanction on the basis that Plaintiff repeatedly perjured himself during his deposition. (D.I. 232). Plaintiff

2

responds that he did not lie during his deposition and that his deposition testimony is consistent with the testimony he provided during his criminal trial. (D.I. 250, 252).

In support of his motion, Bouldin refers to a recorded telephone conversation between Plaintiff and his fiancé, and two other recorded interviews; one when Plaintiff was interviewed by detectives and the other when he agreed to an "off-the-record proffer" of information during plea negotiations in his criminal case. (D.I. 234 at Exs. 6, 7, 10). In the recorded conversations and interviews, Plaintiff stated that he had committed twenty-two armed robberies in 2010, including four robberies on the night of his December 6, 2010 arrest. (*Id.*) Plaintiff did not accept the plea offer, was tried by a jury, and convicted in Delaware Superior Court of eighteen counts of robbery in the first degree, thirty-three counts of possession of a firearm during the commission of a felony, eleven counts of wearing a disguise, six counts of conspiracy in the second degree, six counts of aggravated menacing, eight counts of attempted robbery in the first degree, and one count of reckless endangering in the first degree. *See Damiani-Melendez v. State*, 55 A.3d 357 (Del. 2012).

After he was convicted, Plaintiff commenced this action alleging excessive force by Defendants during his arrest. Plaintiff was deposed as part of the discovery process in this civil action and denied committing any robberies. (D.I. 235, Ex. 1 at 65-68, 131-132, 182-185). He testified that his only crime the night of his arrest was speeding. (*Id.* at 183-185). This testimony, which Bouldin contends is perjured, is the basis for the motion for sanctions in the form of dismissal.

In his opposition, Plaintiff denies committing perjury and points to his testimony during his criminal trial. During his criminal trial, Plaintiff testified that on December 6,

3

2010, some individuals asked him to do them a favor, and run them around so that they could collect money. (D.I. 252, Ex. 1 at 45-47). Plaintiff was asked about statements he made to detectives, and Plaintiff testified that he "needed to do something to get out of all of this . . and tried to come up with something . . . cooperate possibly with officers and maybe get . . . a ticket out of jail . . . they didn't believe [him] . . . they wanted to hear that [he] did it, that [he] was guilty, so at some point . . . [he] kind of gave them what they wanted to hear to see if [he] could help [him]self. And then that didn't work neither." (*Id.* at 52). Plaintiff was asked if he had anything to do with the four, back-to-back robberies on December 6th. He replied, "No. Me personally I had nothing to do with them." (*Id.* at 64). Plaintiff also testified that he "switched" up his testimony, acknowledged that he had changed his versions several times, and that he "probably" would not be believed. (*Id.* at 65).

**Perjury**. "In a perjury case, the plaintiff must prove that the allegedly perjurious statement is not subject to a literal, truthful interpretation." *Herring v.* United States, 424 F.3d 384, 391 (3d Cir. 2005) (citing *United States v. Tonelli*, 577 F.2d 194, 198 (3d Cir.1978)). Where an accusation of perjury forms the basis of a fraud upon the court claim, "proof of perjury, though not sufficient to prove fraud upon the court, becomes a necessary element which must be met before going on to meet the additional rigors of proving fraud upon the court." *Id.* Therefore, if a "party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process, it can fairly be said that [the party] has forfeited his right to have [the] claim decided on the merits." *McMunn v. Memorial Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002).

**Fraud on the Court.** Bouldin first contends that dismissal is appropriate due to Plaintiff's alleged fraud on the court. District courts possess the inherent power to impose the sanction of dismissal on one "who defiles the judicial system by committing a fraud on the court." *See Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) (dismissing cause of action for "fraud upon the court" where plaintiff attached fake agreement to complaint). Dismissal with prejudice is a drastic sanction, and a decision to impose such a sanction must be made with restraint and discretion. *Perna v. Elec. Data Corp.*, 916 F. Supp. 388, 397-98 (D.N.J. 1995); *see, e.g., National Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (extreme sanction of dismissal is appropriate by reason of parties' flagrant bad faith and counsel's callous disregard of responsibilities).

A party seeking to prove fraud upon the court, must show by "clear, unequivocal and convincing evidence": "(1)an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring*, 424 F.3d at 386-87. "[A] determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself.'" *Id.* In addition, an "officer of the court" must have perpetrated the fraud. *Id.*; *see e.g., Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993) (explaining that, in order for conduct to be fraud on the court, it must have been "on the part of an officer of the court"); *Florence v. Donald*, 2008 WL 1758796 (S.D. Ga. Apr. 16, 2008) ("Because Plaintiff is a *pro se* litigant rather than a member of the bar, his actions cannot properly be described as 'fraud on the court.'").

5

Plaintiff appears *pro se*. Therefore, he is not an officer of the court, and he cannot commit fraud on the Court. Accordingly, the case cannot be dismissed on this basis.

**Dismissal as a Sanction**. Bouldin also seeks dismissal under *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), for Plaintiff's alleged abuses. It is clearly settled that a district court "may dismiss a suit outright in response to litigation abuses." *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 n.10 (3d Cir. 1994) (citing *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 566 (3d Cir. 1985)). In doing so, the Court determines the propriety of the sanction of dismissal for misconduct by balancing six factors as set forth in *Poulis*: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the conduct at issue; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *see also Amfosakyi v. Frito Lay, Inc.*, 496 F. App'x 218, 225 (3d Cir. 2012). Not every factor must weigh in favor of dismissal so long as most do. *Amfosakyi*, 496 F. App'x at 225 (citing *Curtis T. Bedwell & Sons, Inc., v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988)).

The litigation abuse here is Plaintiff's alleged perjury during his deposition when he testified that he did not commit the crimes of which he was convicted. It appears that there was strong, perhaps overwhelming, evidence of guilt in Plaintiff's criminal trial and that the jury did not believe his version of the events, which resulted in a guilty verdict and lengthy sentence. The Delaware Supreme Court affirmed the convictions

6

on direct appeal and also affirmed denial of Plaintiff's motion for post-conviction relief. *See Damiani-Melendez v. State*, 139 A.3d 837 (Del. 2016) (affirming denial of motion for post-conviction relief); *Damiani-Melendez v. State*, 55 A.3d 357 (Del. 2012) (affirming conviction on direct appeal). Plaintiff took the stand at his trial, and denied guilt. Plaintiff now repeats that testimony. Essentially, Bouldin's position is that, unless Plaintiff concedes that he previously lied and that the verdict was accurate, he cannot maintain this excessive force case.

The Fourth Amended Complaint (D.I. 214) does not allege that Plaintiff was innocent. In fact, it does not say anything at all about why the police stopped him. Rather, it recites the basic excessive force claim starting with the vehicle stop and, in this way, is consistent with earlier versions of the complaint. (D.I. 2, 15, 29). Plaintiff's claim does not depend upon his guilt or innocence of the robberies and related crimes. Nor, I think, does Bouldin's defense. Based upon the description of a vehicle driven by Plaintiff and its location, Bouldin and the other officers thought the person being stopped and arrested had committed four armed robberies that evening. (*See* D.I. 235 at Exs. 1, 2, 3). Excessive force claims arising out of an arrest, as in this case, are analyzed under a standard of objective reasonableness under the Fourth Amendment, *Graham v. Connor,* 490 U.S. 386 (1989), and not upon a finding of guilt. Had Plaintiff later been acquitted, it would not have changed the amount of force appropriate to use in connection with the car stop.

To be sure, "'[f]alse testimony in a formal proceeding is intolerable. We must neither reward nor condone such a 'flagrant affront' to the truth-seeking function of adversary proceedings.'" *3M Innovative Props. Co. v. Tomar Electronics*, 2006 WL

7

2670038, at *6 (D. Minn. Sept. 18, 2006) (quoting *ABF Freight Sys., Inc. v. N.L.R.B.*, 510 U.S. 317, 323 (1994)). On the other hand, courts have understandably concluded that, absent evidence of intentional or willfully false testimony, sanctions are not warranted, and, "if [a party] disagrees with deposition testimony given by witnesses, he is free to challenge that testimony through his own factual assertions, impeach it through other evidence, and cross-examine the witnesses vigorously at trial." *Taylor v. AFS Techs., Inc.*, 2010 WL 4955166, at *1 (D. Ariz. Dec. 1, 2010).

Here, Plaintiff's deposition testimony is similar to that which he provided at his criminal trial, which are the only two times he has testified under oath. Moreover, Plaintiff conceded at his trial that he has provided several versions regarding his alleged criminal conduct and acknowledged that he may not be believed. The numerous versions of Plaintiff's criminal conduct speak to an issue that is not in dispute, since Plaintiff will not be allowed to relitigate his guilt or innocence in this excessive force case. Further, despite the lengthy history of this case, and assuming the testimony was false, the deposition was an isolated instance of misconduct on what is, at most, a collateral issue in the case. For purposes of the *Poulis* analysis, I do not think I have to decide whether the combined force of the state court convictions and the various conflicting statements shows that Plaintiff perjured himself at the deposition; I can assume that he did, because, on balance, even assuming that he did, I think Defendant Bouldin's motion should be denied.

After weighing the *Poulis* factors, the Court concludes they do not warrant dismissal of Plaintiff's case. First, as a *pro se* litigant, Plaintiff is solely responsible for the testimony he provides. This weighs in favor of dismissal.

As to the second factor, Bouldin argues that Defendants have suffered, and will suffer, prejudice because the allegations lodged against them are serious, they are being sued for damages from their personal assets, the case impacts their lives and careers, and Plaintiff has no real chance of winning at trial. He also contends that permitting Plaintiff to lie with impunity during his deposition and again perjure himself at trial would make a mockery of the judicial system. I am not sure I would describe the testimony at the deposition (even assuming that it was intentionally false) as "lying with impunity." As discussed above, Plaintiff has not asserted his innocence as a part of his claims. Plaintiff's testimony under oath at his criminal trial and at his deposition are similar. In addition, when testifying, Plaintiff readily admitted that he had provided different accounts of his actions. As to prejudice, I agree that there is prejudice to Defendants in having these sorts of allegations hanging over them for the many years that this case has been open. I do not think that is the sort of prejudice the Third Circuit had in mind for the second *Poulis* factor. On the other hand, in terms of a jury reaching a decision on the merits, Plaintiff's denial that he committed the robberies does not prejudice Defendants at all. Thus, there is the prejudice that comes from being a defendant in this sort of litigation, but nothing more. This factor weighs against dismissal.

With regard to the third factor, Bouldin argues that, although that Plaintiff has not yet established a history of repeated perjury, he has made no effort to correct his false deposition testimony, and this suggests that Plaintiff intends to further perjure himself. Bouldin presumes that Plaintiff intends to "further perjure himself" based upon his

9

deposition testimony and the manner in which it conflicted with prior statements. However, this is not dilatoriness. Therefore, this factor does not support a sanction.

As to the fourth factor, any perjury is willful. In terms of overall bad faith, however, I do think the complained-of testimony is collateral to the allegations in his complaint, and I do not think the denial of guilt, even assuming it is perjurious, can be imputed to Plaintiff's conduct of the litigation. Perhaps this factor weighs in favor of a sanction, but I do not think it weighs as strongly as Defendant Bouldin argues it does.

As to the fifth factor, there are no available sanctions short of dismissal. Plaintiff is an indigent prisoner serving a sentence of 296 years. *See State v. Damiani-Melendez*, 2015 WL 9015051, at *10 (Del. Super. Nov. 25, 2015). Thus, if the Court were going to impose a sanction, the only possible sanction would be dismissal.

Finally, as to the sixth factor, the court accepts that the amended complaint states a claim for excessive force. Beyond that, and without delving into the record, the Court cannot say.

False testimony could provide a reason to impose sanctions, but not in this instance, where it is a collateral matter that seems as though it will only come up at trial in the context of cross-examination. The Court finds that the *Poulis* factors do not weigh in favor of the extreme sanction of dismissal, and, therefore, will deny the Motion for Sanction of Dismissal.

**MOTION TO STRIKE**

Plaintiff moves to strike the transcript of his deposition taken by Defendants on July 27, 2016. (D.I. 237) During his State criminal action, Plaintiff provided a recorded off-the-record proffer of information to detectives during plea negotiations. At that time,

he was advised by counsel that "if something happens and you end up going to trial, what you say here will not be used against you at trial." (D.I. 235, Ex. 10 at 2-4). When Plaintiff was deposed in this civil matter, defense counsel played the recording of the off-the-record statement when posing questions to Plaintiff. Plaintiff alleges that, because the use of the recorded statement was a clear violation of his agreement with the State, the Court should strike his deposition.

Defendants oppose on the grounds that the Motion to Strike is improper, counsel was permitted to examine Plaintiff about his prior confessions, and Plaintiff did not object to the use of the recorded statement during his deposition. (D.I. 238, 239, 243)

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure which provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." *United States v. Education Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted). "[M]otions to strike are generally and typically used for purposes of striking allegations made in an answer or other pleading." *See Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 132 (E.D. Pa. 2007) (motions to strike decided on the pleadings alone).

Procedurally, a proper challenge to the admissibility of evidence is made in the form of a motion in limine pursuant to the Federal Rules of Evidence. Hence, Plaintiff's motion to strike is not proper under Rule 12(f). Nor has Plaintiff provided any grounds to strike his deposition testimony under Fed. R. Civ. P. 30 which applies to depositions by oral examination. In addition, it is clear in reading the off-the-record proffer, that the

11

agreement that Plaintiff's statement would not be used was in reference to his pending criminal trial. At that point, there was no civil action. Accordingly, the motion will be denied without prejudice to the filing of a motion in limine should this matter proceed to trial.

## CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's Request for Counsel (D.I. 229); (2) deny Bouldin's Motion for Sanction of Dismissal (D.I. 232); and (3) deny Plaintiff's Motion to Strike (D.I. 237) without prejudice to the filing of a motion in limine. An appropriate order will be entered.