IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PABLO A. DAMIANI,

    Plaintiff,

v.                               : Civ. Action No. 12-1637-RGA

DETECTIVE DUFFY, et al.,

    Defendants.

## MEMORANDUM ORDER

At Wilmington, this 19 day of June 2017, having considered Plaintiff's request for counsel (D.I. 289);

Plaintiff Pablo A. Damiani an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2). He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7). Plaintiff seeks counsel on the grounds that: he "is not in the right state of mind," overly depressed and overwhelmed; he is unskilled in the law; the case may turn on credibility determinations; expert witnesses will be necessary; he cannot attain and afford counsel; counsel would serve the best interest of justice; and his allegations if proved would establish a constitutional violation.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to Representation by counsel.[1] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation

---

[1]See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, Plaintiff has ably represented himself to date. Plaintiff's bald allegations of mental health issues, without supporting evidence, do not merit granting his request. In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's request for counsel. Should the need for counsel arise later, one can be appointed at that time.

IT IS THEREFORE ORDERED that Plaintiff's request for counsel is **denied** without prejudice to renew. (D.I. 289).

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE