IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PABLO A. DAMIANI, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 12-1637-RGA |
| DETECTIVE DUFFY, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this ⁵ day of November, 2017

1. On October 24, 2017, the Court entered an order and granted Plaintiff's filing (D.I. 309) that it construed as a motion for an extension of time to file an appeal. (See D.I. 310). The time for Plaintiff to file an appeal is extended to and including December 3, 2017. On November 1, 2017, the Court received a "response" to the order filed by Plaintiff wherein Plaintiff indicates that he was not seeking an extension of time to file an appeal. (D.I. 311). Rather, he was seeking an extension of time to file a motion to alter the judgment.

2. A motion to alter or amend the judgment falls under Fed. R. Civ. P. 59(e). The Court, however, cannot grant an extension to the time limit provided in Rule 59(e). See Fed. R. Civ. P. 6(b)(2) (court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)). Plaintiff's request is, therefore, denied.

3. Plaintiff was recently transferred from a correctional facility in Delaware to a correctional facility in Pennsylvania. He advises the Court he was allowed to obtain his legal documents from his transferred property and discovered that he is missing nearly every document he had for this case. He asks the Court for all discovery that

1

Defendants and/or the State of Delaware possess so that he can prepare and file the "motion to alter the judgment and ready himself to file an appeal." (D.I. 312). Plaintiff believes that the staff at the James T. Vaughn Correctional Center is responsible for the missing documents. Given the posture of the case, the Court will DENY the motion. The twenty-eight days to file a motion to alter the judgment has already run out, so there is no need for any discovery for that purpose. Any appeal will be decided on the record established in the proceedings in this court, so the only relevant documents are ones that have been filed as part of the docket in this case. In either event, ordering the Defendants to produce the discovery they already provided is pointless.

IT IS ORDERED that:

1. The motion for an extension of time to file a motion to alter the judgment is DENIED. (D.I. 311).

2. The motion for production of discovery materials is DENIED. (D.I. 312).

Richard G Andrews
UNITED STATES DISTRICT JUDGE

2