IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PABLO A. DAMIANI, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 12-1637-RGA |
| DETECTIVE DUFFY, et al., | : |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction**. Plaintiff Pablo A. Damiani, a former inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). Plaintiff was transferred to the Pennsylvania Department of Corrections and is currently housed at SCI Houtzdale in Houtzdale, Pennsylvania. On October 4, 2017, the Court entered judgment in favor of Defendants and against Plaintiff. (D.I. 307.) On November 1, 2017, the Court received a filing from Plaintiff seeking an extension of time to file a motion to alter the judgment. (D.I. 311). The Court denied the motion on November 3, 2017. (D.I. 313). Before the Court are Plaintiff's motion to alter the judgment, opposed by Defendants, and Plaintiff's motion for an extension of time to file an appeal. (D.I. 314, 318, 319, 320, 321).

2. **Motion to Alter the Judgment**. On November 13, 2017, the Court received Plaintiff's motion to alter the judgment. A motion to alter or amend the judgment falls under Fed. R. Civ. P. 59(e). Rule 59(e) requires that a motion to alter a judgment must be filed no later than 28 days after the entry of the judgment. The

1

judgment was entered on October 4, 2017, and Plaintiff was required, therefore, to file the motion on or before November 1, 2017.

3. Pursuant to the prison mailbox rule, a submission for a *pro se* incarcerated party is deemed filed on the date the submission is handed to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Here, Plaintiff signed the motion on October 27, 2017, and signed the certificate of service on October 30, 2017. (D.I. 314 at pp.8, 58). After Defendants opposed the motion as untimely filed, Plaintiff advised the Court that he filed the motion on October 29, 2017. (D.I. 317). A document submitted by Plaintiff, however, belies his contention. Attached to Plaintiff's motion is an inmate's request to staff member. (D.I. 314-1 at 2). The request from Plaintiff, dated October 27, 2017, asked for photocopies of his motion. (*Id.*). It was received by prison officials on October 30, 2017, who responded to Plaintiff on that date that he did not have the funds to make the copies. (*Id.*). The response to Plaintiff was placed in the RHU (*i.e.*, Restricted Housing Unit) mail on October 30, 2017, one day after Plaintiff claims he filed his motion. (*Id.*). It is highly unlikely that Plaintiff received his response on October 30, 2017, the same day it was mailed to him or that he could have filed his motion on October 29 when his request for copies of the motion was still in the hands of prison officials.

4. Absent evidence to the contrary, this Court normally gives an inmate the benefit of the doubt to find a filing is delivered to prison authorities on the date that it is signed by an inmate. And, when using the three dates provided by Plaintiff (October 27, 29, 30), at first blush, it appears that the motion was timely filed. However, given the

2

varying filing dates provided by Plaintiff and the inmate photocopying request, I am not convinced that Plaintiff gave the document to prison authorities for mailing on the date that motion is signed.[1]

5. The envelope containing the filing is postmarked November 7, 2017 (D.I. 314 at p.60), and was received and docketed by this Court on November 13, 2017. The Court has reviewed the Plaintiff's filings since his transfer to the Pennsylvania Department of Corrections. No other filing in this case has had a mailing lag time of more than two to three working days from the date the certificate of service was signed to the date of the postmark. It is implausible that Plaintiff's motion took more than a week to be mailed out of the institution once he delivered it. Instead, it is more likely that Plaintiff pre-dated his motion, or that he prepared and signed it, but did not deliver it for mailing until after he received the Court's November 3, 2017 order that denied his motion to extend the time to file a motion to alter the judgment. Accordingly, the Court considers the filing date to be the date of the postmark - November 7, 2017.

6. The motion is untimely, having been filed approximately one week after the required time. Notably, the Court cannot grant an extension to the time limit provided in Rule 59(e). *See* Fed. R. Civ. P. 6(b)(2) (court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)). Therefore, the motion to alter the judgment will be denied as untimely filed. *See, e.g., Hamlin v. Vital Records Dep't*, 2011 WL 3329268 (W.D. Pa. Aug. 2, 2011).

---

[1] The Court is mindful that the order, entered November 3, 2017, denying Plaintiff's motion for an extension of time to file a motion to alter the judgment, advised Plaintiff that the time for filing the motion had "already run out." (D.I. 313). Based upon the November 7, 2017 postmark, it appears more likely than not that Plaintiff did not mail the motion until after he received the Court's November 3, 2017 order.

3

7. Even if the submission were timely, Plaintiff's motion to alter the judgment fails on the merits because he has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in its October 4, 2017 memorandum opinion and order that would warrant granting reconsideration. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Rather, Plaintiff disagrees with the Court's decision, claiming it is wrong, false, has no merit, and did not consider Plaintiff's Complaint or his statements, and that there remain genuine issues as to material facts. (D.I. 314 at pp. 1, 4, 5, 7). The Court has once again considered the filings of the parties and the evidence of record. Upon review, the Court finds that Plaintiff has failed to demonstrate any grounds to warrant reconsideration of the Court's October 4, 2017 memorandum opinion and order that found in favor of Defendants and against Plaintiff. (D.I. 304, 306, 307).

8. **Motion for an Extension of Time**. Plaintiff also filed a motion for an extension of time to file a notice of appeal. (D.I. 321.) While it appears that he is seeking an extension of time to appeal the October 4, 2017 memorandum opinion and order (D.I. 305, 306), it is also possible he is anticipatorily seeking an extension of time to file an appeal if (as is the case) the motion to alter the judgment (D.I. 314) is denied.

9. On October 24, 2017, the Court entered an order and granted Plaintiff's filing (D.I. 309) that it construed as a motion for an extension of time to file an appeal of the October 4, 2017 memorandum opinion and order. (*See* D.I. 310). The time for Plaintiff to file an appeal of the October 4, 2017 memorandum and order has been extended to (and including) December 3, 2017. (*See* D.I. 310, 313.) The Federal Rules of Appellate procedure preclude the Court from granting additional time. *See* Fed. R.

App. P. 4(a)(5)(C). In other words, the Court has already given Plaintiff the maximum possible extension of time to file a notice of appeal.

10. With regard to an extension of the time to file a notice of appeal from the denial of Plaintiff's motion to alter the judgment, the Federal Rules of Appellate Procedure require that a notice of appeal in a civil case be filed within 30 days after the order appealed from is entered on the district court's docket. *See* Fed. R. App. P. 4(a)(1)(A). Plaintiff made his request prior to the Court's ruling on the motion to alter the judgment and, therefore, to the extent he intended to request extra time to file an appeal from that motion, the request will be denied as premature.

11. **Conclusion**. The court will deny the motion to alter the judgment (D.I. 314) and deny the motion for an extension of time to file an appeal (D.I. 321). An appropriate order will be entered.

*[signature]*
UNITED STATES DISTRICT JUDGE

November 30, 2017
Wilmington, Delaware

5